**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOHANNA LANDRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-144-KC** |
| | § | |
| **WELLS FARGO HOME** | § | |
| **MORTGAGE, INC., and BEVERLY** | § | |
| **MITRISIN AS TRUSTEE,** | § | |
| | § | |
| **Defendants**. | § | |

**<u>ORDER</u>**

On this day, the Court considered Defendant Beverly Mitrisin's Motion to Dismiss ("Motion"), ECF No. 7.  For the reasons set forth herein, the Motion is **GRANTED**.

**I.     BACKGROUND**

The following facts are taken from Plaintiff Johanna Landry's Original Petition for Declaratory Judgment, Requests for Disclosure and Request for Production ("Petition") 1-5, ECF No. 1-1, as is appropriate at this stage of the proceedings.

In October 2009, Plaintiff purchased a house in El Paso, Texas.  Pet. 1-2.  To facilitate this transaction, Plaintiff executed a note—in the principal sum of $176,668—payable to Patriot Mortgage Company.  *See id*.  Then, in the spring of 2013, Defendant Wells Fargo began foreclosure proceedings against Plaintiff's house.  *See id*.  As part of these proceedings, Defendant Wells Fargo instructed Defendant Mitrisin to act as the substitute trustee in the sale of Plaintiff's house that was to occur on April 2, 2013.  *See id*. at 2.  However, Plaintiff "did not receive a notice of sale or substitution of trustee" and was not given "notice to cure."  *Id*.

On April 2, 2013, in an effort to prevent the sale, Plaintiff filed her Petition in Texas state court. *See id.* at 5. In her Petition, Plaintiff asserts a breach of contract claim against Defendant Wells Fargo and property claims against Defendant Mitrisin. *Id.* at 2, 5. Plaintiff seeks declaratory relief, disclosures, attorneys' fees, and costs. *Id.* Next, on April 13, 2013, Defendant Mitrisin filed an answer and denied that she was liable in the capacity in which she was sued. *See* Def. Beverly Mitrisin's Original Answer 1-2, ECF No. 1-1. Plaintiff did not respond to this denial. Then, on May 1, 2013, Defendant Wells Fargo removed this case to the United States District Court for the Western District of Texas, El Paso Division, on diversity grounds. Def. Wells Fargo Home Mortgage, Inc.'s Notice of Removal ("Notice of Removal") 7, ECF No. 1. Finally, on May 22, 2013, Defendant Mitrisin moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims against her. Mot. 3. Plaintiff has not responded to this Motion.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252.  Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  Analysis

Although Plaintiff's Petition is sparse, she appears to allege that Defendant Mitrisin violated Texas Property Code §§ 51.002(b) and (d) when she failed to give Plaintiff a signed "notice of the sale or substitution of trustee in writing" or "notice to cure the default."  *See* Pet. 2. Plaintiff appears to seek declaratory relief under the Texas Uniform Declaratory Judgments Act to prevent the sale of her house.  *See id*.

Defendant Mitrisin argues that Plaintiff's claims against her should be dismissed because "Plaintiff has failed to allege any factual allegations to which she can respond."  Mot. ¶ 8.  The crux of Defendant Mitrisin's argument is that Plaintiff's claims against her exclusively relate to her role as the substitute trustee.  *See id*. ¶¶ 4-8; Notice of Removal ¶ 13.  Defendant Mitrisin maintains that all of these claims are barred by the Texas Property Code.  *See* Mot. ¶ 7. Specifically, she maintains that Texas Property Code § 51.007 requires that a substitute trustee

3

be dismissed from a lawsuit when, as in this case, the trustee files a verified denial and the

plaintiff does not respond to this denial.  *Id*. (citing Tex. Prop. Code Ann. § 51.007(c) (West

2013)).  Plaintiff has not responded to this argument.

Texas Property Code § 51.007 states that a

(a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
(b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.
(d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.
(e) A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.
(f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party.

Tex. Prop. Code Ann. § 51.007.

Because this Court's jurisdiction is based upon diversity pursuant to 28 U.S.C. § 1332,

the Court applies state substantive law and federal procedural law.  *See Erie R.R. Co. v.*

*Tompkins*, 304 U.S. 64, 78-79 (1938).  Therefore, § 51.007 is only applicable to this case, under

the *Erie* doctrine, if it is considered to be state substantive law.[1]  *See Camacho v. Texas*

*Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citing *Motorola Commc'ns & Elec., Inc.*

---

[1] This Court has previously considered the requirements of § 51.007.  *See Ochoa v. U.S. Bank & Nat'l Ass'n*, EP-10-CV-00487-KC, 2011 WL 2565366, at *3 (W.D. Tex. June 27, 2011). However, in *Ochoa*, the Court considered § 51.007 in the context of a motion to remand.  *See id*. at *5.  That motion, unlike the present one, required the Court to determine whether the plaintiffs had a reasonable basis of recovery under § 51.007 and other Texas state laws in state court.  *Id*. at *2 (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  The Court found that there was a reasonable basis of recovery and remanded the case.  *Id*. at *5.

*v. Dale*, 665 F.2d 771, 774 (5th Cir. 1982)); *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) (citing *Erie*, 304 U.S. at 64)).

The few district courts that have examined the nature of § 51.007 have reached different conclusions.  In *Vanderbilt Mortgage & Financial, Inc. v. Flores*, a district court specifically noted that "Texas district courts have not treated Section 51.007 as a state procedural rule that does not apply in federal courts."  *Vanderbilt Mortgage & Fin., Inc. v. Flores*, CIV.A. C-09-312, 2010 WL 3521727, at *3 n.1 (S.D. Tex. Sept. 8, 2010).  However, the *Vanderbilt* court did not make any determination of its own as to the nature of § 51.007, though it noted that a similar California state statute was often treated as a procedural statute by federal district courts in California.  *See id.*  Moreover, other courts have noted that §§ 51.007(a)-(e) provide a procedural mechanism for dismissing claims.  *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, CA G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013) ("[T]he provisions of § 51.007(a)-(e), which provide a procedural mechanism for dismissing claims against trustees where appropriate."); *Leal v. Bank of N.Y. Mellon*, CA C-12-265, 2012 WL 5465978, at *5 (S.D. Tex. Oct. 22, 2012).

This Court need not decide this issue because regardless of whether § 51.007 is applicable in federal court, Plaintiff has failed to state a claim under either Texas Property Code § 51.002(b) or (d) upon which relief may be granted against Defendant Mitrisin.  *See Twombly*, 550 U.S. at 555-56.

Under the Texas Property Code, before a foreclosure sale can be executed, the note holder must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."  Tex. Prop. Code Ann. § 51.002(d) (West 2013).  Once these criteria have been satisfied, the note holder

must give the debtor "notice of the sale . . . at least 21 days before the date of the sale." *Id*. §

51.002(b).  Because these provisions set notice requirements based on the date of sale, a plaintiff

can only bring a cause of action under either provision if she alleges that a sale has occurred.  *See*

*Kew v. Bank of Am., N.A.*, CIV.A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23,

2012) (surveying district courts); *Adams v. Bank of Am.*, 4:10-CV-709, 2011 WL 5080217, at *5

(E.D. Tex. Oct. 26, 2011) *aff'd*, 475 F. App'x 526 (5th Cir. 2012) ("Furthermore, Plaintiff's

allegations that the notices required by sections 51.002(d) and 51.002(b) were not complied with

fail, because Plaintiff fails to identify any specific defects in the notices, and there is no basis to

challenge the notices when no sale has occurred or is even scheduled to occur."); *Eisenberg v.*

*Deutsche Bank Trust Co. Americas*, SA-11-CV-384-XR, 2011 WL 2636135, at *3 (W.D. Tex.

July 5, 2011) (finding that a plaintiff's claims under §§ 51.002(a)-(c) were insufficient because

no sale was alleged).

Here, Plaintiff's § 51.002 claims are insufficient because she has failed to allege that

there has been a sale of her property.  *See Kew*, 2012 WL 1414978, at *6.  In fact, the Petition

indicates that a sale has not occurred.  *See* Pet. 2 ("Plaintiff's statutory and contractual rights

*would* be violated by the sale of [her] home.") (emphasis added).  Accordingly, Plaintiff has

failed to allege a § 51.002 claim upon which relief can be granted.  *See Twombly*, 550 U.S. at

555-56.

Finally, to the extent that Plaintiff is seeking a declaratory judgment that any future sale

would be invalid because of Defendant Mitrisin's alleged violations of § 51.002, this claim is

also insufficient.[2]  A court may only rule on a request for a declaratory judgment when a plaintiff

---

[2] Plaintiff seeks declaratory relief under the Texas Uniform Declaratory Judgments Act.  *See* Pet.
2.  However, if an action is brought under the Texas Uniform Declaratory Judgments Act in state
court and then removed to federal court, as was done in this case, the "action may be construed as
one brought under the federal Declaratory Judgment Act" because the Texas act is procedural, not

alleges "facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). Plaintiff has not alleged any such facts. Rather, Plaintiff has alleged that when she filed her Petition on April 2, 2013, a sale was scheduled for later that day. *See* Pet. 1-2. However, the April 2, 2013, sale date has passed without a sale and there is no indication that a future sale is currently scheduled. Accordingly, declaratory relief is not appropriate. *See Calderon v. Bank of Am. N.A.*, --- F. Supp. 2d ----, SA:12-CV-00121-DAE, 2013 WL 1741951, at *13-14 (W.D. Tex. Apr. 23, 2013) (granting summary judgment and denying declaratory relief in a mortgage case when there was not an ongoing controversy).

## III.    CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Defendant's Motion, ECF No. 7. All of Plaintiff's claims against Defendant Mitrisin are dismissed.

**SO ORDERED**.

SIGNED this 18th day of September, 2013.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

substantive. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *Hurd v. BAC Home Loans Servicing*, LP, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). As such, the Court construes Plaintiff's request for declaratory relief under the federal Declaratory Judgment Act.